UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Paul McCreary and Robert Sturgis, | Case No.: 2:25-cv-01687-APG-BNW |
| Plaintiffs | **Order Dismissing and Closing Case** |
| v. | |
| James Dzurenda, et al., | |
| Defendants | |

Plaintiffs Paul McCreary, Robert Sturgis, and Matthew Travis Houston attempted to initiate this 42 U.S.C. § 1983 action together. ECF No. 1-1. On September 14, 2025, I dismissed Houston from this action without prejudice because he failed to comply with his vexatious litigant pre-filing order requirements. ECF No. 3. I gave McCreary and Sturgis the opportunity to continue with this lawsuit by directing them to file an amended complaint and to either collectively pay the full $405 filing fee together or to each file individual applications to proceed in forma pauperis (IFP) by October 31, 2025. *Id.* That deadline expired without any response from McCreary or Sturgis.

**I.    Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court

order). In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of McCreary's and Sturgis's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless McCreary and Sturgis file an amended complaint and either file complete IFP applications or pay the $405 filing fee for a civil action, the only alternative is to enter a second order setting another deadline. But the reality of

repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting a second deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.   Conclusion

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. I THEREFORE ORDER that this action is dismissed without prejudice based on McCreary's and Sturgis's failure to file an amended complaint and satisfy the matter of the filing fee in compliance with my order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If McCreary or Sturgis wish to pursue their claims, they must file a complaint in a new case and either pay the required filing fee or file complete IFP applications.

Dated: November 5, 2025

_____
Andrew P. Gordon
Chief United States District Judge